IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY CARUFE | ) |
| | ) |
| v. | ) NO. 3-13-0763 |
| | ) JUDGE CAMPBELL |
| INTERCONTINENTAL HOTELS | ) |
| GROUP RESOURCES, INC. | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 18). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiff is a former employee of Defendant who worked as General Manager of Defendant's Holiday Inn Briley Parkway Hotel ("the Hotel"). Plaintiff has sued Defendant for age discrimination under the Age Discrimination in Employment Act ("ADEA") and the Tennessee Human Rights Act ("THRA"), based upon Defendant's termination of his employment.

Defendant argues that its reason for firing Plaintiff had nothing to do with age. Defendant asserts that Plaintiff was fired because he failed to perform his job responsibilities in accordance with Defendant's standards.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and

identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## AGE DISCRIMINATION

<u>Direct evidence</u>

A violation of the ADEA[1] can be proven by either direct or circumstantial evidence. *Provenzano v. LCI Holdings, Inc.* 663 F.3d 806, 811 (6th Cir. 2011).[2] Direct evidence of discrimination is that evidence which, if believed, requires the conclusion that unlawful

---

[1] Claims brought under the THRA are governed by the same evidentiary framework that applies to ADEA claims. *Moore v. Nashville Elec. Power Bd.*, 72 S.W.3d 643, 651 (Tenn. Ct. App. 2001); *Pierson v. Quad/Graphics Printing Corp.*, 749 F.3d 530, 536 (6th Cir. 2014).

[2] With both direct and circumstantial evidence, the burden of persuasion remains on the plaintiff to demonstrate that age was the "but-for cause" of the employer's adverse decision. *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 176 (2009).

2

discrimination was the motivating factor in the employer's actions. *Sharp v. Aker Plant Services Group, Inc.*, 726 F.3d 789, 798 (6th Cir. 2013).

Defendant argues that Plaintiff has no direct evidence of discrimination. Plaintiff alleges several ageist comments by his Regional Director of Operations ("RDO"), Ms. Kilmartin. Ms. Kilmartin, who was Plaintiff's boss, denies making these statements.

Defendant's assertion that Plaintiff claims only one single age-related statement is not true. Plaintiff testified that Ms. Kilmartin called him old, with old ideas and past his proper life cycle; that she asked him what he was doing there so long; that she said, "I can't believe you've been here so long;" and that she told him the owners wanted him out. Docket No. 20-4, p. 28 (Plaintiff's Deposition, p. 107). These alleged statements relate to Plaintiff's job and to his age. In addition, Plaintiff testified that Ms. Kilmartin later told him he was old and he was sleepy. *Id*. (p. 108 of deposition).

Thus, if a jury believes the testimony of Plaintiff, it reasonably could find direct evidence of discrimination, which precludes summary judgment. A jury also reasonably could find that Ms. Kilmartin did not make these statements, but there are genuine disputed issues of fact concerning this direct evidence of age discrimination which preclude summary judgment.

Circumstantial evidence

Alternatively, the Court will examine Plaintiff's indirect evidence of age discrimination. In order to establish a claim for age discrimination through circumstantial evidence, Plaintiff must show that (1) he was a member of a protected class; (2) he was subjected to an adverse employment action; (3) he was qualified for the position he held; and (4) he was replaced by a person outside the

3

protected class. *Jones v. Shinseki*, 804 F.Supp. 2d 665, 671 (M.D. Tenn. 2011).[3] If Plaintiff is able to establish a *prima facie* case of age discrimination, the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for any adverse employment action. *Schoonmaker v. Spartan Graphics Leading, LLC*, 595 F.3d 261, 264 (6th Cir. 2010).[4] Ultimately, as noted before, Plaintiff bears the burden of persuasion to show that his age was a "but-for" reason for his firing. *Gross*, 557 U.S. 167 at 176.

It is undisputed that Plaintiff is older than 40 years and that he was subjected to an adverse employment action. Defendant contends that Plaintiff was not qualified for his position of General Manager at theHotel because he was not satisfactorily performing his job duties. However, the Court may not consider Defendant's alleged nondiscriminatory reason for firing Plaintiff when analyzing the *prima facie* case. *Wexler v. White's Furniture, Inc.*, 317 F.3d 564, 575 (6th Cir. 2003). In any event, there are disputed facts as to whether Plaintiff was adequately performing his job. Plaintiff's First Amended Complaint (Docket No. 15) alleges that Plaintiff consistently met objective metrics for his job, including profitability and revenue growth. Plaintiff asserts that he had been working for Defendant for 32 years and received an excellent performance review for the twelve months leading

---

[3] The protected class includes all workers at least 40 years old, and the fourth element has been modified to require replacement not necessarily by a person outside the protected class, but replacement by a significantly younger person. *Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003).

[4] If Defendant provides a legitimate, nondiscriminatory reason, the burden shifts back to Plaintiff to show that a genuine issue of material fact exists as to whether Defendant's reason is really a pretext to mask intentional discrimination. *Jones*, 804 F.Supp.2d at 673. Plaintiff may demonstrate pretext by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate Defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct. *Id*.

up to his termination. Moreover, Plaintiff contends that he received a $47,000 bonus right around the time of his firing.

Defendant argues that Plaintiff's permanent replacement was not younger than Plaintiff. Plaintiff contends that those persons who initially were asked to take the job were younger than he.

Defendant has articulated a legitimate, nondiscriminatory reason for ending Plaintiff's employment: that Plaintiff failed to perform his job responsibilities in accordance with Defendant's standards. Thus, under the indirect evidence model, the burden shifts to Plaintiff to show that Defendant's proffered reason was pretextual.

Plaintiff claims that Defendant's alleged reason was merely a pretext for age discrimination. He states that when ownership of the Hotel changed in January of 2013, his RDO advised him that Defendant regarded him as too old, that his ideas were too old, that new blood was needed, and that he had exceeded his proper life cycle. Plaintiff contends that his new RDO evaluated his performance, even though she did not supervise him in the previous year or have any direct knowledge of his performance. Plaintiff avers that the RDO commented that Plaintiff's Hotel needed fresh eyes, needed more energy and enthusiasm, and was stopped in time. Plaintiff contests the facts upon which Defendant allegedly bases its firing decision. Plaintiff also argues that the Hotel had just been approved for capital improvements/renovations by the owner just before Plaintiff was fired. In other words, Plaintiff contends that Defendant really terminated Plaintiff's employment because of his age.

Defendant, on the other hand, argues that Plaintiff was fired for failure to perform his job responsibilities as General Manager of the Hotel. Defendant contends that Plaintiff did not fulfill his responsibilities with regard to the Hotel's cleanliness, repair, maintenance, and quality of guest

5

services. Defendant claims that one of its engineers conducted a review of the Hotel and identified significant repair and maintenance issues which the Hotel's chief engineer was tasked with fixing. Defendant alleges that these issues were not fixed. Defendant argues that the repair and maintenance was ultimately the responsibility of Plaintiff, whose duty it was to ensure that the chief engineer made the necessary repairs.

Defendant further claims that when the RDO toured the Hotel, she was shocked at the lack of cleanliness, the smell, the sticky carpets, and rusted and poorly-operating doors. She discovered that the proper water treatment testing had not been conducted in months. Defendant avers that Plaintiff took no responsibility for the Hotel's unacceptable condition and, despite the RDO's efforts to work with Plaintiff and to develop a performance improvement plan to turn the Hotel around, nothing changed.

The Court finds that there are disputed facts as to the credibility of Defendant's articulated reason for Plaintiff's firing, which preclude summary judgment.

## CONCLUSION

Therefore, both as to direct evidence and as to circumstantial evidence, Defendant's Motion for Summary Judgment is DENIED. This case remains set for a jury trial on November 25, 2014.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE